Morning, Your Honors. And if I may, I would like to try to reserve seven minutes for reply, if that's possible. Vantage your own time. Thank you, Your Honor. Andrew Jacobs. May it please the Court, with Kelly Dove for the Appellant America Servicing Company today. I'd like to, if I could, try to discuss with you four things, Your Honors. The 362K is not a fee-shifting statute. That appeals to policy in this matter must fail. I'd like to discuss sections 303 and 330 of the Bankruptcy Code. And finally, I'd like to touch upon an Article I issue, if I can, in the time allotted. Section 362K is not a fee-shifting statute, making the post-stay violation fees in this case here that were sought unrecoverable. 362K lacks the defining characteristics of a fee-shifting statute, which was already previously clear and was underscored earlier this week, to some degree, by the Supreme Court's ringing annunciation of the American rule in the Baker-Botz case Monday. Generally a prevailing party element is necessary in a statute for it to be a fee-shifting statute. And the examples of that are replete in the jurisprudence. You have the Fogarty case. We've dealt with Title VII, ERISA 1132G. We have the Hart case. We have your Fulfillment Services case under the Motor Carriers Act. And in these cases, you have a prevailing party or the court is directed by being allowed to award fees to either party to determine if a party has essentially prevailed enough. Can I ask you this? If the statute used the word and instead of including, would you say that it was a fee-shifting statute in that instance? No, Your Honor. I think it's very clearly not a fee-shifting statute because it's a part case adjudication, which goes to the other part of how we define a fee-shifting statute. You talk about having a party that won, but you also talk about what they won. You can win a Rule 11 motion, but that's not a fee-shifting provision. So the statute, though, I'm just saying, it says you can recover your actual damages, and attorney's fees, and perhaps punitive damages. Why wouldn't that allow you to get the full run of attorney's fees that you incurred in litigating the action to recover actual damages? I think, Judge Watford, again, because it would be a partial case determination. Not every sanction provision in a rule or in law, which is partial case in nature, rises to the level of being a fee-shifting statute. And, in fact, that's one of the primary distinctions in the Supreme Court cases and I think in the Ninth Circuit cases as well. So if Congress wanted to write a statute that allowed somebody in the situation of the appellees in this case to recover attorney's fees, what would it have said? What would it have said differently than what this statute says? It would have crafted the statute to refer to the adjudication of an entire controversy, and 362K palpably does not do that, because it refers to essentially State violation motions. It refers to actual damages, actual damages. And the damages are, the only way to collect damages is to have a judgment that you can give to the sheriff so he'll go out and execute it. To get to that point, the judgment has to be final, doesn't it? Well, it's true that to obtain judgment you need to reduce the – to obtain damages, excuse me, you need to reduce it to a judgment. You can also have Rule 11 damages reduce the judgment, and it's plainly not true. We're not dealing with Rule 11 damages. We're dealing with damages incurred because of a violation of the State order. To get actual damages, you have to get a judgment, you have to give it to the sheriff, he's got to go out and levy on your assets, right? And all the attorney's fees that you incur to get that final judgment are attorney's fees and costs under the statute, aren't they? I don't agree respectfully, Your Honor, because I think the primary distinction in the law is between part case or single motion adjudication and full case adjudication, and either can be reduced to judgment. And one set of them the law teaches clearly is not a fee-shifting provision. Mr. Jacobs, if your position is correct, then why would Congress pass this statute at all? I mean, there are lots of things that can happen in litigation that can result in one side or the other moving for interim relief to stop the other side from, you know, discovery violations, whatever it might be. But here Congress has specifically awarded damages to the party who successfully convinces the court that the creditor has violated the terms of the automatic stay. It's there, Your Honor, because it effectuates the purposes of the automatic stay to terminate the circumstances giving rise to the violation of the automatic stay. And that concludes But there would be nothing that would stop the debtor from filing such a motion even in the absence of the statute, is there? In other words, as long as there's a statute that says that when the stay is invoked, everything has to stop, that doesn't prevent a party from filing a motion if the other side is doing something that it isn't supposed to be doing in violation of the stay. I think I understand the question, Your Honor. I mean, basically, 362K is there to say there are damages which attend the fact of stay violation, and there's nothing that suggests downstream causation. Including attorney's fees. Damages can include attorney's fees because you have to go to the court to say, please stop doing this stay violation. That was inherent in the nature of seeking relief from the stay violation. But the problem with your argument is that it doesn't include any limitation. It says including costs and attorney's fees, but it doesn't say only up until the time that the action stops. And in every other situation where a party is entitled to attorney's fees, we routinely award fees, including fees on appeal to defend the fee award. Why shouldn't we follow that same principle here? I think, Your Honor, that respectfully is a bit of a burden-flipping analysis because what we have in these federal statutes concerning fee shifting is the presumption that they do not create fee shifting unless Congress explicitly — Unless Congress has spoken. Exactly. Here, Congress has specifically passed a statute that provides for recovery of costs and fees in stopping a stay violation. Well, Congress provided for the recovery of attorney's fees in Section 330, and that was not a fee-shifting statute, as the Supreme Court reminded us on Monday. So not every statute — But 330 is quite different. 330 is to provide compensation to those people who aid various folks, the trustee, the examiner, an ombudsman, et cetera. These are — this allows the trustee to pay people that he hires to do things. And I understand why the Court concluded that wasn't a fee-shifting statute. You agree this is a fee-shifting statute with respect to injunctive relief, do you not? I don't agree that 362 is a fee-shifting statute, Your Honor. Well, with respect to injunctive relief, does it give the prevailing party the opportunity to recover attorney's fees? Again, as we just agreed, Your Honor, 330 allows the recovery of attorney's fees, but we don't call it a fee-shifting statute. No, I'm asking about 364. 362, Your Honor. 362, I'm sorry. Does it allow the recovery of attorney's fees when injunctive relief only is sought? The fact that it allows the recovery of fees does not make it a fee-shifting statute, and that's the distinction I'm maintaining in these categories. Are you asking us to retain the Sternberg analysis of the statute? Or do you also disagree with Sternberg's analysis? Thank you. It's – Your Honor, I don't think it's necessary to redeem Sternberg's analysis to reach the right answer here. I think what we have here is a two-part analysis. First, we determine whether or not there is a fee-shifting statute on the table, and then I'm saying – Putting aside that, I need to construe this statutory language. So I need to know what this means, and can you tell me what shall recover actual damages, including costs and attorney's fees, means in your view? Your Honor, I believe that Sternberg was rightly decided. I believe that the statute is specifically aimed at the stay violation itself, and the attorney's fees are necessarily and inherently those fees which are incurred by someone coming to the court to say, please stop this continuing stay violation. But you agree with Sternberg? It doesn't say that, Judge McEwen. I'm arguing that that's inherent in the construction. But see, that's one of the difficulties I think one has when you're supposed to look at the words of the statute, and you've just inserted an entire phrase into the statute, which I don't think is ambiguous to begin with. So that's where I'm having trouble understanding. Forget whether it's fee-shifting, the American rule or whatever, it says what it says. So how do you justify us inserting the phrase you'd like to insert? Your Honor, I think that the interpretive canon we start with is the American rule, and that if we don't use the American rule first, that we're sort of burden shifting and we're requiring the statute to affirmatively tell us why it isn't a fee-shifting statute when the case law suggests the opposite, that the burden is on the proponent of the opposite interpretation to show why it really is a fee-shifting statute. And the other thing is that the statute is not a fee-shifting statute. What about punitive damages? Let me ask you, in your view, are attorney's fees recoverable if one says, I'm going to get punitive damages, but the state seeks punitive damages under this section? Attorney's fees can be awarded, and it's a two-part answer, Your Honor. Attorney's fees are sometimes awarded in bankruptcy courts when one is pursuing punitive damages because the self-same motion in which you are saying I should get punitive damages is the self-same motion in which you are saying, please stop this violation of the automatic stay. However, I believe it's correct to say that we don't allow downstream explorations of punitive damages, as by filing a case a year later and saying now I want punitive damages for the completed, terminated, no longer pending danger of a stay violation. Those are radically different propositions, I must say. But I'm looking at the language of the statute, and that's why I'm asking, because it talks about actual damages including attorney's fees. Then there's comma, and that says in inappropriate cases you can get punitive damages. So I'm asking whether under your view of the statute the attorney's fees in K-1 appends to the punitive damages phrase in the same subsection. You can obtain punitive damages at the time you seek to set aside the stay violation, and the statute encourages you to seek punitive damages because it wants to achieve the goal of avoiding stay violations and ending stay violations. I don't think it authorizes fees-on-fees litigation as it pertains to punitive damages. What if the bankruptcy court characterized the punitive damages as the amount of attorney's fees that were incurred in defending the fee award? Would that be permissible under the language of this statute? No, Your Honor, because the statute clearly says these are attorney's fees and these are punitive damages. They're set up as exclusive constructs, and they therefore shouldn't be the same thing. But why couldn't the bankruptcy judge decide that by pursuing further litigation to challenge the award of fees that this was just evidence of outrageous behavior on the part of the creditor that the bankruptcy court had found wrongfully violated the stay in the first place, and it was just exacerbating the situation and further draining the resources of the bankrupt estate in order to have to address such contumacious behavior? Would it be okay to award punitive damages measured by the amount of the attorney's fees on appeal in that situation? And, Your Honor, I don't mean to be sophistic, but I think there's a distinction there that I think is important, because the statute says punitive damages and fees are different. Courts often, sometimes, award punitive damages and scale them to the amount of attorney's fees. That's not the same as saying the fees are the damage. I could do it with a multiplier. I could take the amount of the attorney's fees up to the time of the violation, figure out how much the fees were in total, and multiply it by whatever the number is to reach that total. Would that be okay? It depends on if it offends BMW v. Gore and other principles, because you could have attorney's fees that would be so out of whack with the underlying thing to be addressed that it would violate other constitutional norms, and you couldn't do that then? But that's the whole problem that I have with your argument, and that is that this litigation could literally bankrupt the bankrupt estate, and there would be nothing left by the time the scorched earth action ended. I think that, again, returning to this idea of a two-part analysis, the fact that it would effectuate the purposes of the statute broadly doesn't get us around the American rule as a first principle. Well, let's go back. This is a fee-awarding statute. You don't dispute that, do you? There are some circumstances in which a prevailing party under this statute recovers fees, correct? Yes. Okay. What in the language of the statute restricts that award of fees to the circumstance where the prevailing party seeks only injunctive relief? Your Honor, I don't agree that it's a fee-awarding statute. Okay. To be clear, that's your earlier question of the statute. No, no. I asked before if it was a fee-shifting statute, and you have a – you have a, I think, a sophisticated argument about why it's not. But my question is, it is clear that this statute allows the award of fees under some circumstances, correct? It allows a judgment for damages that include fees. It doesn't award fees as fees as such, which I think Sternberg was right about that, Your Honor. Okay. It allows a judgment for damages that includes fees. So let me use your construct. Tell me what in the language of the statute restricts the ability of the court to include fees in the judgment to cases in which the party is only seeking equitable relief, which is to say to stop the other side from violating the stay. What in the language of the statute leads me to that result? A couple things. One is, if you compare 303, which this Court determined was a fee-shifting statute, 303 includes, which 362 does not, the notion of proximate causation in downstream damages, 362 omits that construct, 303i has that construct. This Court has held that 303i is a fee-shifting statute. We were wrong. Sorry? We were wrong. Orange Blossom, I think, is not – is not determined to be wrong by Baker-Botz. I think three – But focus just – let's assume I'm Justice Scalia and I'm only looking – and that's a real tough assumption. Just look only at the language of the statute. I'm just reading the statute. I'm Brian Garner, probably. Tell me what in the language of this statute gets me to your result. Because you say Sternberg is correct and, therefore, damages can be included – can include fees in the circumstance where somebody is seeking equitable relief. Tell me what in the language of this statute restricts the ability to include – to include those in the judgment to those kinds of cases. With apologies, if this answer is either unsatisfying or repetitive, the statute cannot be disentangled from the bedrock of the American rule against which it was written. And the statute doesn't affirmatively take itself outside that tradition. And, accordingly, it is incumbent on the analyst to find where in the statute you take yourself outside the American rule. So, if we were – We contend with objections in that Congress put this in when there was some doubt about bankruptcy judges' authority to seek contempt. And in the contempt framework, the cost of attorney's fees include the cost of bringing the action potentially through appeal. Why shouldn't we read it in light of this contempt sanction backdrop? For a couple reasons, Judge Okutawan, is that you separately have the authorization to award fees in 105A, and 362K needs to be read to perform a different purpose that works in tandem with it, and those are different standards. They're different types of relief. And not all 362K is 105. And I think in their briefing, they really conflate those things seriously. And I think in Sternberg, the panel was correct to disentangle those and say that they're different. And you see how that plays out well in this case. In the record of this case and in what the Court did, it said, you know, I can't really determine that this is, you know, sort of a 105 contempt kind of situation. Just because something is punishable as a contempt, which is 362, and that's their point, doesn't make every damage in 362 itself a contempt. That's a very significant distinction, and it's best, since we have 105, to treat 105 as 105 and 362 as 362, which is what the panel did in Sternberg when, for the second time, it amended its opinion in 2010. And I think that's the correct distinction. So I want to follow up on something that Judge Tallman pointed out before. What concerns me about your position, it seems to me that Congress changed the law to go to an automatic stay because powerful litigators were able to just ride roughshod over those who didn't have the financial wherewithal to stop the predatory actions. So you have an automatic stay. Now we have an ability of the bankrupt, who, by definition, is not well off financially or that wouldn't be bankrupt, to stop predatory actions thereafter. By what I understand to be your reading of this statute, there would be little incentive for a creditor to continue to make motions, to do all kinds of things to frustrate the stay, and there would be no ability on the part of the debtor to get attorney's fees. Am I reading your analysis correctly? No, Judge Smith. I believe that overstates our analysis in the sense that there are many other tools available in bankruptcy litigation, and I don't think courts lightly entertain what they consider to be frivolous, dilatory tactics on the part of creditors. You saw what the district court did here. But as you've discussed with Judge Hurwitz, without this statute, there is no authority to award attorney fees under the American rule. Therefore, Congress put this in. The question is, where does it apply? If your analysis is correct, then a predatory creditor in this situation could just continue to harass, harangue, do all kinds of things, and there is no way for the creditor to fight that off, and the estate could literally be consumed. Could Congress have possibly understood that to be a result when they enacted 362? Your Honor, I think that in this situation, a couple of different answers. In terms of the courtroom forum that we're discussing, and then the Congress point specifically, as far as the courtroom goals, Rule 9011 and also Section 105 are used actively and frequently by the bankruptcy bench in this circuit to remedy those things and stop them before they ripen into the situation of oppression that Your Honor's question describes. And I think, again, Congress is legislating before the backdrop of the American rule, and it has fee-shifting provisions within the Bankruptcy Code. 303, clearly, you know, orange blossom is rightly decided, orange blossom is the law, and that's a fee-shifting provision, but it takes an entire case adjudication. There's a determination after of what is a reasonable fee. Congress did not structure 362K to look like what, in 303, this Court properly determined was a fee-shifting provision. The two don't look anything like each other, and they don't have common mechanics or analytics buried in their text. So I think Congress — Part of the structure of your argument is really based upon what you call the bedrock of the American rule, and because of that bedrock, you're essentially saying we need a clear statement out of Congress before we will deviate from that. On the other hand, we also have the basic principle that we see elsewhere, that if I'm entitled to fees, I'm entitled to fees not only for the initial motion that I did to get the enforcement, for any appeal relevant to the fees. And why isn't that the bedrock from which we would need a clear statement rule to deviate? That is to say, we've got two basic principles with which we are very familiar, the American rule and the rule, or custom, that you get fees on appeal if you're defending something as to which you're entitled to fees. Why is not that the bedrock and you need a clear statement rule to deviate from that? Well, taking the two parts of Your Honor's question, if I may, it's the Supreme Court's statement on Monday that you need explicit statutory authority to deviate. The best answer, whether it works or not, to Justice, is to deviate. Your Honor's question as far as why don't the fees on fees adhere to the underlying entitlement to the — As they ordinarily do in other circumstances. Well, but, Your Honor, I think the decision Monday is really informative of that. I think Baker-Botz was a situation where the Supreme Court is saying there aren't going to be fees on fees here. And when Your Honors in Orange Blossom decided this parallel provision that both parties have argued to you, 303i in Orange Blossom, this Court wrote that it was the fact that you had a determined fee-shifting statute in the first place that made the fees on fees downstream appropriate. And that's the whole thing. I'm holding to this American rule line, and I'm holding to that it's not a fee-shifting statute, because if it is a fee-shifting statute, we're all wrong and we're all wet. But if I'm right about that, you never get to fees on fees under Orange Blossom, and that's been circuit law incorrectly decided for many years. But, Counsel, Collier's on bankruptcy has not been kind to the Sternberg case. And there is a passage saying this private attorney general purpose of section 362k1 is undermined if debtors having significant constraints on their ability to pay for representation in a stay enforcement proceeding. Why isn't that controlling? Because, Your Honor, they're private attorneys general to end stay violations. They aren't private attorneys general to foster lengthy fees on fees litigation as occurred in the financial situations in the Sternberg case or in this case. You know, fees on fees litigation takes on a life of its own. It goes on for very long periods, and that's an unduly broad and relaxed interpretation of the policy of 362k. The policy is to end stay violations, which is why it speaks of damage that adheres to the stay violation. And that's why 303i talks about proximately caused damages and 362k omits to do it. It's why 362k isn't a fee-shifting statute when 303 looks like that whole raft of Federal statutes I mentioned at the start because it is a fee-shifting statute. And it may be, Judge Smith, that what appears to be an unfair outcome may be obtained in the drafting of it, and that's why Justice Sotomayor said basically in her concurrence, I'm joining those who continually remind us don't be rewriting the statutes because she's saying policy considerations cannot trump the clear directive. Therein lies the rub that I think a lot of my colleagues have expressed. When you look at the clear language of the statute, I'm having trouble getting to where you want to be even without considering the policy considerations because it seems to me, as Brother Baya said early on, actual damages has to mean something, and it seems like you are changing the meaning of actual damages to get where you want to get. Well, I think, Your Honor, I understand the point and the question, and we're mindful of the importance of the private attorney general role of securing relief from violations of the automatic stay. That occurred here. That occurs in most of these cases, and we think that Congress did not intend to foster downstream fees-on-fees litigations. And I don't think that is necessarily or inherently a harsh result, but I think it is entailed by Monday's decision. But Monday's decision has such different underlying statutory language. And the Court focused on, you know, this, you know, fee litigation isn't a, quote, service to the trustee. So on its very face, once you interpret that term, then out goes the statute in terms of the argument that was made. So I'm having, you know, and I think, of course, the underlying premises are quite helpful to you in the bigger VOTS case. But the statutes are so different that I'm having trouble understanding how you really translate that language, say, in 330 or 327 to this language. Your Honor is right that there are significantly different statutes. We said that and stand by that. But like you said, Your Honor, the general principle it announced, the interpretive principle, I look at it on a flow chart. You have the American rule. For this Court to decide that we're wrong, I think this Court has to decide that this is a fee-shifting statute. And I think that the entire set of other statutes and authorities that we've cited really don't bear that outcome. And that's why, you know, in the commentariat, you used to have to wait 9 months to have the commentariat. It was less than 24 hours ago. I think it was Columbia Professor Mann wrote that after this opinion, he suspected that no lower court would want to stick its neck out determining that a statute opts out of the American rule without very explicit statutory text. That's why he's a professor and not a judge, maybe. I have one other question, and that has to do with our statute. It says actual damages. In your view, does actual damages include emotional distress damages? This Court has held that damages can encompass actual emotional distress, I think, since Dawson in 2004, and we're not suggesting it's otherwise. Okay. So if that's the case, how can it be read to include these emotional distress as actual damages and then turn around and exclude attorney's fees to recover those emotional distress damages? Because it allows you to recover the damages for emotional distress. Again, when you're curing that stay violation, those damages would be palpable then. And the prove-ups in these things are very skeletal. You know, as a trial lawyer, these are very brief things. I have, in this case, there were no medical records. There was no discovery that was even permitted. It was basically determined, okay, this is inherently upsetting, and courts find as a matter of law this is inherently upsetting. You can't get on without really doing something that required downstream litigation. Sorry. Before you sit down, would you concede that at least as to the fees and costs incurred up to stopping the violating conduct, that that is a violation to the American rule because the statute does award attorney's fees? I don't think it's an exception to the American rule because it is in the species of damage, but those fees are all awardable. Sternberg correctly said that they're awardable as a subspecies of damage and thus not an exception to the American rule. Okay. Thank you, Your Honor. Thank you, counsel. Good morning, Your Honors. May it please the Court, Christopher Burke for the appellee, Ms. Schwartz-Tallard, Daniel Geiser as co-counsel. Is 362K a fee-shifting statute? I think the best way is to look at Monday's decision because in it, it says 110I, fee-shifting statute. The Supreme Court says that. If we analogize 110I with 362K, here's what we get. 110I says a violation of this section. 362K says a violation of the stay. 110 says the Court shall order. 362 says the Court shall award. 110 and 362 both talk about actual damages. The only difference is 110 uses the word reasonable attorney's fees and 362K says attorney's fees. It also says in moving for damages, right? Reasonable attorney's fees and costs in moving for damages under this subsection. Correct. The point is it's closer to 303. But this doesn't say anything about what the costs and attorney's fees are for. And it doesn't say they're reasonable, but it makes them mandatory. So maybe you can explain how we're to interpret that, how far the costs and attorney's fees go and for what, since the statute is silent on that issue. Which is saying 362K, how far it goes? Exactly. Because it doesn't say what the costs and attorney's fees are recoverable for or how far it goes. It doesn't give the Court discretion to determine what's reasonable or not. And it makes the award of those costs and attorney's fees mandatory. So how do we interpret how far that goes and what it covers? Based on the plain language. This leads into the problem with Sternberg, because Sternberg tries to create a bright line where there is none.  But the problem is we don't know when it ends. Why, for instance, if somebody is getting garnished and files bankruptcy and they say, well, we stopped the lawsuit, there's still the issue of whether or not they can get the fees back, whether they got the fees back. So when the attorney has to file something for contempt, the point is it may not be that it ended just because the lawsuit stopped. So what if the person who violated the stay offers to settle for the amount of damages, the $500, and the debtor says, oh, no, I'm going to bring a lawsuit about this, and then you'll be liable for attorney's fees. Does the statute give the Court discretion not to award those attorney's fees despite the mandatory language? And how are we to determine that? Well, I think it comes back to how are you determining actual damages? Just because a creditor says we'll give you $500, what's that based upon? If this person suffered emotional distress or there was a lot more to it, let's say a car is taken, it's repossessed, and it gets damaged. So under any circumstances, if the debtor decides to bring a lawsuit and continue appeal, whatever circumstances, award of those attorney's fees is mandatory and there's no ability for the Court to cut them off or to determine reasonableness under the plain language of the statute. Is that your position? Yes. So I want to make sure I understand your answer to Judge Akuta's question. The Court must award all the fees incurred whether they're reasonable or not, in your view? Yes. Is that an argument you have to make? I don't think I need to go that far, but here's the point. Well, but that's – it's interesting to me. The word reasonable isn't there, but you wouldn't read reasonable into it. You think the Court has no discretion but to award all fees incurred even if some of them were excessive. Well, that's your position? Excessive based upon what? Because if some of them are excessive. Well, no, no. I think you can answer that yes or no. I mean, let's assume that the lawyer charges $10,000 a minute for her time. If that's what it took to stop the stay violation, yes. Wow. I mean, why in the world are you saying that? I'm sorry? Why in the world are you saying that? I mean, you're about to win the case until you say that. Well, because here's the point. We can say we have a simple stay violation going on, but it costs time and money to defend it, just like in this case. The fees and costs in having to defend all of their appeals, somebody has to pay it. So where does it come from? But, Mr. Burke, you're not taking the position, are you? Is it really that the court doesn't have the authority to pare the bill down if it sees that the lawyer charged $10,000 a minute for her time? That's a hint. That's a hint. This is a soft pitch. Get it out of the park. The judge can reduce the fees. Well, what's the authority for that? In the statute. In the plain language of the statute, what's the authority? It doesn't have reasonable there, although reasonable appears in other places in the Bankruptcy Code for fees. Predators. They're not going to be on the hook for fees for this statute. Isn't the answer that the court has that inherent authority? Maybe that's one answer. Yeah. Or don't you like that answer? No, well, I think the answer is the court has inherent authority. What about the word shall? Is it mandatory? In other contexts, courts have interpreted the word shall, despite its normal usage, not to be mandatory. Is it mandatory in this context? Shall award the attorney's fees? Yes. It doesn't say must. It says shall. It doesn't say may. No, it does say may with respect to punitive damages in the same section. That was my next question. Thank you, Judge Acuda. Is it mandatory or is it permissive? Shall is must. And we've said that. Yes. So when you combine that with your other position, which I hope you're retreating from, it makes me wonder that the other side may be right. That if excessive fees must be awarded in this fees on fees litigation, then it makes me wonder whether or not the American rule really should apply here. And that's why I think we're all suggesting to you that's not a tenable position. I'll take that. And I'll agree with it. But I'd like to just make one other point regarding the fees. Even if this court were to say this is a damage statute, not a fees shifting statute, court can still affirm the BAP's ruling for three reasons. It promotes both the financial and non-financial goals of the State, maintains the status quo, and it benefits other creditors. And that's the problem here, is the finite amount of money that the debtor has. And it can only Could you help me understand K-2, where it says in some circumstances punitive damages aren't appropriate. But instead of saying that, it says under these circumstances, the only award shall be limited to actual damages. And it doesn't say shall be limited to actual damages, including costs and attorney's fees. It just says shall be limited to actual damages. So how do we interpret that? Do actual damages there include costs and attorney's fees, or was Congress making a distinction between the sort of actual damages in K-1 and a different sort of actual damages in K-2? Or how do I interpret that difference in language? I couldn't tell you on that, Judge. That's difficult. Okay. But in this particular case, because the creditor kept pushing the action, the debtor had no choice. It comes down to does the debtor pay the attorney and lose her house and her bankruptcy? But that won't always be the case, right? In some cases, it could be the debtor that is aggressive in litigation strategy. And we have to interpret this statute to apply to all those situations that are possibly raised. Correct. But here, she was just defending what she was awarded. That's it. She wasn't doing anything out of the ordinary. Most of the appeals in this case have come from the other side. The Court has no further questions. Do you want to yield your time? Excuse me? Do you want to yield your time? I was going to yield.  Good morning, Your Honors. I may please the Court. I'd like to start by saying reasonableness is built into the statute. Just as Judge Fletcher reminded us, it's a strong presumption that fees are typically available both at trial and on appeal in a fee-shifting statute. There's also a strong presumption that fees must be reasonable. Congress did not have to state that settled bedrock rule of law, I think, to reason it. And actual damages have to be reasonable also. That's correct, Your Honor. Punitive damages have to be reasonable also. That's exactly true, Your Honor. So the Congress did not have to state the obvious. I think it would have to say specifically it wanted unreasonable attorneys' fees to depart from that bedrock rule. It obviously didn't have to do that here. So if the Court, if we read in the word reasonable, which Congress chose not to put in there, could a court then basically negate this by saying, I don't think any of the attorneys' fees in this context are reasonable, so I'll just award actual damages and no attorneys' fees? Would that be something a bankruptcy court would have discretion to do? Your Honor, I think it would be a very rare case where none of the attorneys' fees are reasonable. But would a court have discretion to do that and basically read that language out of the statute? Only, I don't think it's reading the language out of the statute. The attorneys' fees award is mandatory. It's part of the statute. It shifts the fees to the other side. The Court, in deciding what's reasonable in a very unusual case, could decide that none of the fees are reasonable. That's not saying attorneys' fees aren't in the statute. It's just deciding in a specific case, the quantum of attorneys' fees is zero. Again, I think that would be a very unusual situation, but it could happen, I suppose, in a very bizarre setting. Would you agree, then, I want to ask you the same question that I asked your opponent. Is this an exception to the American rule, and is that what the Supreme Court was talking about? I'm looking specifically at page 7 of the Baker-Botts slip opinion where they're talking about section 110I1C. That's right. This is an exception to the American rule. It's grounded explicitly in the statutory text. Congress said that you get actual damages including attorneys' fees. This is very different than what Baker-Botts was concerned about with section 330A. It says, and this is on page 11 of the slip opinion, they're looking at the open they called it the open-ended phrase reasonable compensation. Reasonable compensation doesn't look anything like actual damages including costs and, quote, attorneys' fees. This is the exact opposite of what Baker-Botts was dealing with. Baker-Botts is just the same. Isn't the concept of damages somewhat different from the concept of attorneys' fees? For example, when we think of awarding attorneys' fees, we look at the Lodestar method and other methods. You're talking about damages. You're talking about what the person paid out of pocket, and that would be subject to the inherent authority to the court to reduce if excessive. But on the other hand, what you pay out of pocket may not be the amount equivalent to the Lodestar method. Right? That is true, Your Honor. But I think that Congress textually defined actual damages to include attorneys' fees. Right. There's no magic. I mean, that's what I'm saying. To 362, you may have a difference in what you could obtain as an attorney fee award than you would under, say, 330 for reasonable attorneys' fees. I suppose that's possible, Your Honor. It's a question of how you define actual damages, how you calculate it. But the important point is it's written into the statute. And the statute does, in fact, shift the fees to the other side. So if there's a very aggressive litigation strategy taken by the debtor with perhaps not the $10,000 a minute, but maybe $1,000 an hour, which is not unusual at this point, all of that would be paid out of pocket by the debtor, and that would all be, there would be mandatory recovery of that. Is that how you read the statute? Yes or no. Mandatory recovery, yes. But again, there's a reasonableness component of attorney fees. So if $1,000 an hour is grossly excessive in light of the services provided, in light of the prevailing rates in the district, a court could cut that back, and courts regularly do cut that back. How about if the creditor claims that the litigation was prolonged unduly, but that still is money that was out of pocket by the debtor. That's not the amount of fees. That's just the litigation strategy. Is all that amount recoverable under the language of the statute? Is that how you read it? Your Honor, the way we read it, again, is that courts have discretion to decide what a reasonable fee is. If the debtor ended up paying too much, and in most of these cases, by the way, the debtor actually isn't paying anything because they can't afford it. That's why this ratchet is so important in the statute. Congress realized that 362K expressly authorizes private right of action. It's supposed to be a cudgel of the heads of creditors to not violate the stay in the first place. They knew without fees, this provision doesn't work. So that's why they authorized fee awards. A rational attorney won't go out of its way to drive up litigation expense for no reason when they know at the back end the court will assess the reasonableness of the fee. So you're saying, even though the language is phrased differently than the fee-shifting others' fee-shifting statutes in the Bankruptcy Code, that this is actually pointing to reasonable attorneys' fees for all litigation with the same discretion that a court has normally. So my concern is you want us, instead of reading the actual words of the statute, you want us to read by analogy to other statutes and courts' authority, which Baker Botts seems to cast some doubt about. I don't think we need to read into any other statutes. Baker Botts expressly says that there are lots of different ways to articulate a fee-shifting provision. Congress chose the language they did in 362K. Part of the reason they may have done that is to make it absolutely clear that you get both the attorneys' fees for getting the injunctive relief, as Judge Hurdgewitz said earlier, and you also get the attorneys' fees for prosecuting the 362K action. Congress was looking at a private right of action. They were creating this remedy for debtors. They knew debtors could not afford to litigate this without a fee-shifting provision. This is exactly why this is exactly the private attorney general parallel that Judge O'Scanlan referenced earlier from Collier's take on the statute. This is an attempt to satisfy a policy of the highest priority that Congress has. The automatic stay is a fundamental component of bankruptcy. It's vital to the process working. Ginsburg. Does Sternberg protect that, the Sternberg rule? Because it says to the extent you need to pay for attorney to get the stay violation stopped, that's recoverable as damages. That's what Sternberg said to protect that policy concern. No, Your Honor. Sternberg cannot protect that policy because it needs to take it to the next step. A rational debtor will look at a situation when the stay is violated. If they have to pay an attorney to then terminate the stay violation and it costs more to pay the attorney than it does to just acquiesce in the violation and take the hit, then they won't pay the attorney to do it. But doesn't Sternberg say that you get the amount that's the attorney's fees required to stop the stay violation? Yes, Your Honor, but the question is how do you collect them? Until you file the 362K action in order to pay attorney to litigate the 362K claim, you can't recover those fees unless a creditor is very generous. That's the American rule, right? I'm sorry, Your Honor. That's the American rule, that the lawsuit to recover the damages, you have to pay unless Congress says otherwise. And Congress here did say otherwise in very explicit terms. Could you explain? Congress, with respect to the Sternberg issue, would your association prefer that the debtor prevail on the basis of the court below, or would you prefer that we bite the bullet and take another look at Sternberg? Your Honor, we would much prefer that you take another look at Sternberg, and I think for two important reasons. The first is that just in the interest of the best use of the judiciary's time, instead of grappling with the framework that we submit as fundamentally flawed, you might as well revisit the framework. The second reason is that Sternberg now is deterring litigation on stay violations because they know they can't afford to litigate and recover the damages that Sternberg says they can get. They can't recover the fees that Sternberg says they can get, because they need to find an attorney who looks at the quantum of relief, realizes it doesn't take a whole lot for an inventive lawyer to think of some good faith basis for resisting paying, and then avoid sanctions, as my friend suggested. Section 105 is not an adequate substitute in this context. And then avoid paying in the first place. Could you explain how we interpret K2, which just says that the recovery under this subsection against such entity shall be limited to actual damages? Yes, Your Honor, I think the best reading of K2, and it's a question that isn't presented on these facts, but I think the best reading of it is Congress was understanding the same phrase, actual damages, to mean what it means in K1. So they just didn't put in including costs and attorney's fees, and you would have us read that in. Is there any basis for saying that, or is it just your speculation? Is there any legislative history or any other? There is not, Your Honor, that I'm aware of. I think that what we know is that there is no legislative history or any other. It wasn't the intent of K2 to avoid punitive damages. Punitive damages. That's right. That's what's left out. It's not trying to affect the quantum of actual damages, including costs and attorney's fees. Congress has already defined actual damages in this case to include costs and attorney's fees. Well, that was Sternberg, right? That's what Sternberg said. I mean, doesn't that support the Sternberg rule? I don't think so, Your Honor. I think that when Congress specifically says that attorney's fees are available in a context where it's authorizing a private right of action, it's contemplating litigation. And it knows that debtors will incur costs and attorney's fees in that litigation. I think the most sensible and the most natural understanding of this phrase is that when Congress did that, the costs and attorney's fees it's talking about is in the litigation that it's authorizing in this very section. I think it would be a very strange way to curb and to qualify the award that it's authorizing in explicit text if it really was thinking about fees that aren't really fees, but fees that are truly damages in some other way. Congress would have written the statute differently, I think, if they were referring to the same sort of damages that Sternberg was talking about in reference to State law, common law claims for things like abuse of process, malicious prosecution, that sort of thing. Mr. Jacobs had relied heavily, of course, on the American rule, as does the Supreme Court. And I believe in the brief submitted by you or perhaps for Schwartz-Talliard, they say, well, there's the exception here is that there's, in effect, a willful violation of a court order. My question is, because a bankruptcy stay is not really a court order, but it's more of a self-effectuating statutory provision, how does that fit under the existing exceptions to the American rule? Well, I think Congress did two things with 362K and actually 362H when they first enacted it. The first is they were trying to capture the preexisting practice where debtors regularly would, when it was actually a court order, the automatic stay was a court order, they'd come to court and they'd say you're violating the automatic stay, and they would recover attorneys' fees for prosecuting that action, including recovering damages. So I think that was in the nature of a contempt proceeding. They were, but I think Congress here actually did more than that. They took it to the next level, and I think it's clear because they did a few things. They added punitive damages, so Congress actually went far beyond what was even available at the common law before Congress enacted 362H, and it made the recovery mandatory, not discretionary. So I think that it would be unusual for Congress to depart from the preexisting practice in such an unusual way to say now there are no fees at all, even though fees were a regular component of the practice before 1984. But I think Congress, in explicit text, reversed the American rule. They displaced it by saying you're actually entitled to fees in the setting. And I think even if there were any doubt about what Congress had in mind in 1984, I think by the time we get to 2005, I think it's very clear how Congress understood this statute. There were two decades of uninterrupted practice of courts regularly awarding attorneys' fees, considering this is a fee-shifting statute, because that's exactly what it does, that has a provision that awards fees for as part of the cause of action, and Congress ratified that interpretation when they reenacted the exact same language, and they changed one part of it. And that's what Judge Akuta is referencing, too, in 362K2. They cut back punitive damages for a certain kind of State violation, but yet they maintain the same understanding of actual damages, including costs and attorneys' fees. And I think that that is sufficient to resolve this case. If we were to retain Sternberg, the question Judge O'Scanlan asked you, can you defend the VAP opinion, assuming Sternberg is good law? I think that you could, Your Honor. I think that you could, because the VAP came out that way, but why don't you try? We approach the case from a slightly colder perspective of the record than the parties do, obviously, but I think the best reading of the record suggests that there was some doubt at the time that this appeal was being litigated whether ASC would go back and foreclose again if, in fact, the State violation was overturned. I don't think it's enough with all the respect to Judge Wallace's dissent to say why doesn't the debtor just give up on the appeal and forfeit the fees. If they give up on the appeal and it turns out this wasn't a State violation, then if the creditor forecloses again through issue preclusion, it's already been determined that they didn't violate the State. And then I don't know how the debtor at that point can feel comfortable resisting that foreclosure. Does that interpretation of Sternberg essentially render it not limiting at all? Because in every case, if the creditor prevails on appeal, he might go back and do something that he wouldn't have done in the first place. Not at all, Your Honor. And the reason for that is it depends on what issues are raised on appeal. If a debtor says, look, I concede I violated the automatic stay, I irrevocably commit that I will never take that act again, but I think that damages here were excessive. I think that emotional damages aren't contemplated by the statute before Dawson. I think that the fees were excessive because they were unreasonable. There are lots of different appeals that a debtor can take that actually have nothing to do with affirming the automatic stay or affirming anyone's rights under the stay. Here, I think, and again, we're doing our best to read the record the same way that the Court is. I think there's ambiguity as far as what ASC was challenging on appeal that would give someone a reasonable fear that if they didn't defend the judgment, they could find themselves in exactly the same position they were when ASC foreclosed the first time, yet without any defense because of issue precaution. I must say to me that the nitpicking in the BAP opinion suggests to me that the Sternberg rule, either we abandon it or if we keep it, that we ought to reverse the BAP. And I think Judge Wallace had some force in his position on that. And that's why I was asking. I think that there, I can see why a very reasonable jurist, as Judge Wallace most certainly is, would have some pause about squaring the result with Sternberg. But I also think, though, that it is possible to do. I think the majority was correct in its ruling. I think the BAP was correct. But again, I think the far more efficient way and the far more sensible way to solve the problem is to overrule Sternberg. And if we overrule Sternberg, would just in a sentence or so, can you just give me an example of that phrase, including attorney's fees, that you would have us adopt? Would it be including attorney's fees incurred in bringing the action authorized by this section? Does that basically do the work that you think needs to be done? I think it does. I think that it's including attorney's fees for the entire action, which puts this statute exactly in line with all the other typical fee-shifting statutes. The Supreme Court's case in Commissioner v. Gene, looking at the Equal Access to Justice Act, this is a provision that authorizes a private right of action and it awards fees. It has no limit on how to divide it up, so the fees are available for prosecuting the entire action. Part of that is you can get the fees as damages that you incurred to terminate the stay. You also can get the fees as damages, because that's how Congress defined it, for prosecuting 362K itself. Very good. Any further questions? Thank you. Thank you. Rebuttal? A couple points, if I may, Your Honors. I think this section 110 argument does not work for their position. I think it doesn't work at all. First of all, 110 says reasonable attorney's fees, and the Baker-Botz opinion calls out the repeated use of the phrase reasonable attorney's fee. Now, I understand that we don't have unreasonable attorney's fees, but that doesn't mean that when Congress says reasonable attorney's fees, it means the exact same thing as when Congress omits the word, when the Supreme Court points us to the word in parsing the text to find it's a fee-shifting statute, as we have advocated that it is. Mr. Jacobs, I'm just stuck on this language at page 7 of Baker-Botz, where the court is essentially parroting the language of 110C and using it as an example of where Congress decided to shift the burden of the fee litigation to the other side. And the language there, reasonable attorney's fees and costs in moving for damages is the part that I think Your Honors would have to read in to make 362K work the way they say. It doesn't say it. But you do agree, do you not, that where the debtor files a motion and convinces the bankruptcy court that there has been a violation of the automatic stay, the debtor gets to recover attorney's fees and costs incurred in that effort? For that purpose only. I agree with that, Your Honor. But the court — Isn't that different from the language of 110I1C that the Supreme Court was quoting at page 7 in Baker-Botz? I think that every other indicia in the Baker-Botz opinion is that 362K isn't a fee-shifting statute, and 362K wasn't the subpart they went to when they were showing us what a fee-shifting statute is. But weren't they giving us an example of a fee-shifting statute by quoting 110I1C? 110I1C is anomalous among the fee-shifting provisions, and I think it doesn't call — The answer to my question, yes? I think the answer is the Supreme Court brought it up as an example. It is an outlier compared to other fee-shifting statutes, and you'd go further. If it is an example and we conclude that it's pretty much the same language as 362K, why can't we conclude that 362K is also an exception? Because the further reason, it's completely structurally different because attorney's fees are tucked within damages in 362K, which forces the reader to look at the damages are the thing that adhere to the state violation, which is the logical kernel of Sternberg. I agree that the result is the same in both cases. The debtor gets an award of attorney's fees for moving for the relief sought. And yet it uses the word reasonable, which is what we use when whole case adjudication occurs, which does not occur in 362K. Don't you agree with Judge McEwen's characterization that determining reasonableness is inherently within the authority of a court when it looks at a fee award? Of course, absolutely. And Judge Hurwitz raised that point, but it doesn't mean that when Congress omits to use the word reasonable, it means the same thing as when it doesn't. So reasonable means something different under 110I than it does under 362K? I'm merely saying it's an additional index of a fee-shifting statute because the Supreme Court tells us that it is one thing that the legislature does. There's no chance that ASC could have re-foreclosed. That is a red herring. It turned the House back over. Both cases at issue were in context. And I think Sternberg — I do agree that you either have to adhere to Sternberg or reverse Sternberg. You can't redeem the BAP opinion in light of Sternberg. It absolutely doesn't follow. Judge Wallace is completely right about that. And Sternberg gives a bright-line rule. The complaints about its implementation — and they say you incentivize things in a way Sternberg couldn't defend a circumstance like this. The rule that occurred that brought us to this moment occurred and we're adequately protected, and that's proof that Sternberg is. Thank you, counsel. Thank you, Your Honor. Thank you both for your arguments. The case is heard. It will be submitted for decision. And we'll be in recess.
judges: Thomas, Reinhardt, O'scannlain, McKeown, Fletcher, Tallman, Bea, Smith, Ikuta, Watford, Hurwitz